UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20740-CIV-SEITZ/O'SULLIVAN

EDUARDO CARPANEDA and GERALD LOUIS,

    Plaintiffs,

vs.

QUAYSIDE PLACE PARTNERS, LLP d/b/a RENAISSANCE FORT LAUDERDALE HOTEL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Plaintiffs' Motion to Compel and Entitlement to Future Fees in re: Collection of Settlement Funds (DE# 41, 11/13/09) and for a fairness hearing regarding the parties' Settlement Agreement. This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b) (DE# 30, 7/31/09).  Having held a hearing and having reviewed the applicable filings and law, the undersigned respectfully **RECOMMENDS** that the Plaintiffs' Motion to Compel be GRANTED and that the motion for Entitlement to Future Fees in re: Collection of Settlement Funds be DENIED.  Additionally, having held a fairness hearing, the undersigned **RECOMMENDS** that the Settlement Agreement be APPROVED.  The reasons for the recommendations are discussed below.

**DISCUSSION**

I.    <u>The Settlement Agreement Is Enforceable.</u>

This Court possesses inherent authority to enforce a settlement agreement. <u>Ford v. Citizens & S. Nat'l Bank</u>, 928 F.2d 1118, 1121 (11th Cir. 1991). "A district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement prior to dismissal." <u>Le Bon Pain, Inc. v. Guyon & Co., Inc.</u>, 720 F. Supp. 983, 984-85 (S.D. Fla. 1989) (citing <u>Kent v. Baker</u>, 815 F.2d 1395, 1400 (11th Cir. 1987) (per curiam)). Because a settlement agreement is a contract, "its construction and enforcement are governed by principles of Florida's general contract law." <u>Schwartz v. Fla. Bd. of Regents</u>, 807 F.2d 901, 905 (11th Cir. 1987)(citing <u>Wong v. Bailey</u>, 752 F.2d 619, 621 (11th Cir. 1985)).

Under Florida law, a settlement agreement is enforceable if its terms are sufficiently specific and mutually agreed upon as to every essential element. <u>Sands v. Wagner & Hunt, P.A.</u>, 2009 WL 2730469 at *2 (S.D. Fla. Aug. 28, 2009)(citing <u>Spiegel v. H. Allen Holmes, Inc.</u>, 834 So. 2d 295, 297 (Fla. 4th DCA 2003)). However, the agreement to make a contract does not depend on "'the agreement of two minds in one intention, but on the agreement of two sets of external signs – not on the parties having meant the same thing but on their having said the same thing.'" <u>Robbie v. City of Miami</u>, 469 So. 2d 1384, 1385 (Fla. 1985) (quoting <u>Blackhawk Heating and Plumbing Co. v. Data Lease Financial Corp.</u>, 302 So. 2d 404, 407 (Fla. 1974) (quoting <u>Genzier v. Bielecki</u>, 97 So. 2d 604, 608 (Fla. 1957)).

In the present case, the parties "said the same thing." <u>Id</u>. At mediation, the parties settled and entered a partially handwritten Mediation Settlement Agreement,

which provided in pertinent part that:

> As a complete and final settlement of the subject matter the parties mutually agree to resolve this matter, as follows: [defendant] agree[s] to pay [plaintiffs] the sum of $18,300.00 in full and final settlement of all claims raised herein. Each party agrees to bear their own fees and costs, except [defendant] shall pay the entire mediation fee ... [Plaintiffs] agree to execute General Releases in favor of the named [defendants] .... Payment of the above-referenced settlement funds shall be made within fourteen (14) ... business days of the Court's Approval of this Agreement. [Plaintiffs] agree to execute non-disparagement agreements in favor of the named [defendants] and agree not to apply for future employment with any of the named [defendants]. The terms of this Agreement shall remain confidential. Plaintiff shall file a voluntary dismissal of this lawsuit, with prejudice, upon [plaintiff's] counsel's receipt of the settlement funds....

(DE# 44, 12/15/09) (DE# 41-1, 11/13/09; Ex. 1).

The parties mutually assented to the terms set forth in the Mediation Settlement Agreement. (DE# 43-1, Ex. 1, 12/3/09). They agreed that the terms of the settlement would remain confidential and the plaintiffs would execute a general release in favor of the defendant. "If an offer is accepted without conditions, and without varying its terms, and the acceptance is communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at its pleasure." Am. Appraisal Assoc., Inc. v. Am. Appraisals, Inc., 531 F. Supp. 2d 1353, 1358 (S.D. Fla. 2008) (citing Kendel v. Pontious, 261 So. 2d 167, 169 (Fla. 1972)(citing Restatement of Contracts, § 64)). The Mediation Settlement Agreement incorporated all of the essential terms for enforcement of the settlement.

The defendants characterize the Mediation Settlement Agreement as a "term sheet" and argue that there were two material terms of the parties' proposed settlement that remained outstanding, namely the covenant not to sue and the confidentiality provisions. Although the defendants now contend that liquidated damages for

violations of the covenant not to sue and the confidentiality provisions are essential, missing contract terms, the proposed provisions are ancillary to the settlement agreement.  See Sands, 2009 WL 2730469 at *4 (finding the proposed confidentiality provision is not an essential term of the settlement agreement because it is directed to the manner in which the agreement would be implemented and its exclusion does not bar enforcement of the agreement); Miles v. Nw. Mut. Life Ins. Co., 2009 WL 5213874 at *3 (M.D. Fla. Dec. 21, 2009) (holding that the fact that "the confidentiality and non-disparagement terms of the agreement were not fully expounded is immaterial" because these terms only speak to how the agreement will be implemented); Stempel v. Stempel, 633 So. 2d 26, 26-27 (Fla. 4th DCA 1994) (finding that a mediation agreement was enforceable even though it was a mere bare-bones agreement and one party urged that other terms should have been included).  If the parties wanted to agree to include liquidated damages for violations of the general release and confidentiality provisions, they could have.  The Mediation Settlement Agreement, however, is silent on the issue of damages in the event of breach.

The undersigned finds that the parties entered into a full and final settlement agreement as to definite and essential terms.  The settlement agreement requires the parties to keep the terms of the settlement confidential and requires the plaintiffs to execute general releases in favor of the defendant.  Under Florida law, settlement agreements are highly favored and will be enforced whenever possible.  See Robbie, 469 So. 2d at 1385.  The liquidated damages provisions that the defendant attempted to include after the fact in the covenant not to sue and confidentiality provisions of the Mediation Settlement Agreement are additional, non-essential terms that cannot

4

undermine the validity and enforcement of the Mediation Settlement Agreement.  The undersigned RECOMMENDS that the Plaintiff's Motion to Compel enforcement of the settlement agreement (DE# 41, 11/13/09) should be GRANTED.

II.     The Plaintiffs Are Not Entitled to an Award of Future Attorneys' Fees.

The plaintiffs seeks a determination of entitlement to future attorneys' fees regarding the time incurred to enforce the settlement agreement and to collect the settlement funds.   The cases upon which the plaintiffs rely are inapposite.  In the present case, the Mediation Settlement Agreement expressly states that the parties are to bear their own fees.  The plaintiffs are not entitled to attorneys' fees as sanctions because the undersigned finds that the defendants' position was not frivolous.   Neither the parties' agreement nor the law allows for recovery of attorneys' fees by the plaintiffs.  The undersigned RECOMMENDS that the Plaintiff's motion for Entitlement of Future Fees in re: Collection of Settlement Funds (DE# 41, 11/13/09) should be DENIED.

III.    The Mediation Settlement Agreement Should Be Approved

The undersigned has held a fairness hearing, has heard from counsel and has considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for minimum wage violations and unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLA.").  In reviewing a settlement of an FLSA private claim, a court must "scrutinize] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an

adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide dispute over whether the plaintiffs' were entitled to minimum wage and overtime compensation.  The Court has reviewed the terms of the Settlement Agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

**RECOMMENDED** that the parties' Settlement Agreement (including attorney's fees and costs) be **APPROVED**. It is further

**RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE.**

### RECOMMENDATION

For all of the foregoing reasons, the undersigned respectfully RECOMMENDS that the Plaintiff's Motion to Compel and for Entitlement to Future Fees in re: Collection of Settlement Funds (DE# 41, 11/13/09) be GRANTED IN PART AND DENIED IN PART.  The plaintiffs' motion to compel enforcement of the parties' settlement agreement should be GRANTED.  The plaintiffs' motion for entitlement of future fees in re: collection of settlement funds should be DENIED.   The undersigned further RECOMMENDS that the parties' Settlement Agreement (including attorney's fees and costs) be APPROVED and that the case be DISMISSED with prejudice.

The parties have fourteen (14) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the Honorable Donald Graham, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this **12th** day of April, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record