UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20740-CIV-SEITZ/O'SULLIVAN

EDUARDO CARPANEDA and GERALD
LOUIS,

    Plaintiffs,
v.

QUAYSIDE PLACE PARTNERS, LLP d/b/a
RENAISSANCE FORT LAUDERDALE HOTEL,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation ("R&R") of the Honorable John J. O'Sullivan, United States Magistrate Judge [DE-54]. Judge O'Sullivan recommends that the Plaintiffs' Motion to Compel and for Entitlement to Future Fees as to enforcement of the Parties' Mediation Settlement Agreement [DE-41] be granted in part and denied in part. Specifically, the R&R recommends that the Court find (1) that the Parties' Mediation Settlement Agreement is an enforceable contract; (2) that Plaintiffs were not entitled to attorneys' fees for moving to compel the enforcement of the Settlement Agreement; and (3) that the Parties' Mediation Settlement Agreement (including the provisions that each party bear their won attorneys' fees and costs) be approved and the case be dismissed with prejudice. Having reviewed *de novo* the R&R, the record, the Parties' Objections, and pertinent authority, the Court will affirm and adopt the R&R.

    1.  **Background Facts**

The Parties do not dispute Judge O'Sullivan's factual findings. This is an action under the Fair Labor Standards Act ("FLSA") in which Plaintiffs allege that Defendant failed to provide them with

minimum wage and overtime compensation as required by 29 U.S.C. § 201. On October 5, 2009, the Parties held a mediation, which concluded with the Parties signing a partially handwritten document titled, "Mediation Settlement Agreement" ("Settlement Agreement"). The Settlement Agreement provided as follows:

> As a complete and final settlement of the subject matter, the Parties mutually agree to resolve this matter, as follows: [Defendant] agree[s] to pay [Plaintiffs] the sum of $18,300.00 in full and final settlement of all claims raised herein. Each party agrees to bear their own fees and costs, except [Defendant] shall pay the entire mediation fee...[Plaintiffs] agree to execute General Releases in favor of the named [Defendants]...Payment of the above-referenced settlement funds shall be made within fourteen (14) business days... of the Court's Approval of this Agreement. [Plaintiffs] agree to execute non-disparagement agreements in favor of the named [Defendants] and agree not to apply for future employment with any of the named [Defendants]. The terms of this Agreement shall remain confidential. Plaintiffs shall file a voluntary dismissal of this lawsuit, with prejudice, upon [Plaintiffs'] counsel's receipt of the settlement funds...

(DE- 41-1, 11/13/09; Ex. 1).

On October 16 and October 28, 2009, Defendant's counsel requested to insert additional forms into the general release, namely a consequential liquidated damages clause providing that (1) if Plaintiffs breached the covenant not to sue, they would be required to return the entire settlement amount, minus $100, and (2) if Plaintiffs breached the confidentiality provision, Defendants could recover the entire settlement amount, plus attorney's fees and costs, plus $1200 for each proven breach. On November 2, 2009, Plaintiffs' counsel filed a second lawsuit against Defendant on behalf of another Plaintiff, alleging the same violations of federal and state law. *See Nascembeni v. Quayside Place Partners, LLP*, Case No. 09-CV-23322-COOKE. On November 6, 2009, Plaintiffs' counsel rejected Defendant's proposal and proposed instead that the Parties insert a provision that would entitle the prevailing party in a lawsuit for breach of confidentiality to all fees and costs. On November 13, 2009, Defendant's counsel rejected Plaintiff's counterproposal and declared that the Parties had failed to reach

a settlement of the action. That same day, Plaintiffs filed the instant Motion to Compel Payment under the Settlement Agreement. On April 12, 2010, Judge O'Sullivan issued his R&R recommending that (1) the Parties' Settlement Agreement is binding and enforceable, (2) Plaintiffs are not entitled to attorneys' fees for having to compel the enforcement of the Agreement, and (3) the Settlement Agreement should be approved as fair and reasonable. Both Parties filed Objections to the Report.

2. **Analysis**

Defendant claims in its objections that Judge O'Sullivan erred in concluding (1) that the Mediation Settlement Agreement was an enforceable contract, and (2) the terms contained therein were a fair and reasonable settlement of the litigation. Plaintiffs object that Judge O'Sullivan erred in concluding that Plaintiffs are not entitled to attorneys' fees for moving to compel the enforcement of the settlement agreement. The Court will address each objection.

a. **Enforceability of Settlement Agreement**

First, Judge O'Sullivan recommends that the partially handwritten Settlement Agreement is an enforceable contract because it constituted a full and final settlement agreement between the Parties as to definite and essential terms. Under Florida law, in order for a party to compel enforcement of a settlement agreement, the terms must be sufficiently specific and mutually agreed upon as to every essential element. *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003). However, uncertainty as to nonessential and ancillary terms will not preclude enforcement of a settlement agreement. *Id.* The party seeking to enforce a settlement agreement bears the burden of showing that the opposing party assented to the terms of the agreement. *Long Term Mgmt., Inc. v. Univ. Nursing Center, Inc.*, 704 So. 2d 669, 673 (Fla. 1st DCA 1997). However, settlement agreements are highly favored and will be enforced whenever possible. *Robbie v. City of Miami*, 469 So. 2d 1384, 1385

(Fla. 1985). In order to determine whether a settlement may be enforced, courts apply an "objective test" where they examine "external signs" manifesting an agreement between the parties instead of evidence of "two minds in one intention." *Id.*

Here, the Parties agreed on a number of essential terms for a settlement in a document titled, "Mediation Settlement Agreement," which described itself as a "complete and final settlement" of the dispute. The Settlement Agreement provided the exact amount that Defendant would pay for a "full and final settlement" and dictated how the Parties would bear the fees and costs arising from the litigation. Furthermore, the Settlement Agreement provided the method by which the action would be dismissed.

The Court agrees with Judge O'Sullivan that the Parties entered into an enforceable and binding Settlement Agreement containing essential terms that are sufficiently specific and mutually agreed upon. *Spiegel*, 834 So. 2d at 297. Although the Parties do not agree on the proper remedy for violations of the covenant not to sue and the confidentiality provisions, these provisions are "mere contingencies" that were not essential to reaching the settlement drafted at mediation. *See id.*; *see also Miles v. Nw. Mut. Life Ins. Co.*, 2009 WL 5213874 at *3 (M.D. Fla. Dec. 21, 2009) (holding that it was immaterial that the confidentiality and non-disparagement terms of the agreement were not fully expounded because these terms only speak to how the agreement will be implemented); *Sands v. Wagner & Hunt, P.A.*, 2009 WL 2730469 at *4 (S.D. Fla. Aug. 28, 2009) (finding the proposed confidentiality provision is not an essential term of the settlement agreement because it is directed to the manner in which the agreement would be implemented and its exclusion does not bar enforcement of the agreement). Here, it is particularly obvious that such terms are ancillary as the Settlement Agreement expressly states that the Parties had agreed upon a "complete and final settlement." *See Am. Capital Network v. Command Creditor Corp.*, 707 So. 2d 874, 875 (Fla. 4th DCA 1998) (holding that a statement letter setting forth

all the necessary terms and stating that the parties "have settled" their action informed the court that the case had been settled).

Defendant objects that the Eleventh Circuit Court of Appeal's holding in *Parsons v. Orthalliance, Inc.*, 130 Fed. App'x 353, 356 (11th Cir. 2005) requires that the Court find the Settlement Agreement is not a binding contract. In *Parsons*, which was an action for breach of contract and fraud, the parties signed a four-page handwritten document that roughly outlined the sale of Parsons' orthodontic practice to the defendant. *Parsons*, 130 Fed. App'x 353 at 356. However, the document stated that the parties would later execute a "final settlement agreement" and contained a provision enabling the plaintiff to depose witnesses in the event the parties failed to complete a final settlement agreement. *Id.* The Eleventh Circuit held the document did not constitute an enforceable settlement agreement because, as written, the terms were too tentative and incomplete to create a final settlement. *Id.*

The facts in *Parsons*, however, are clearly distinguishable from this case. First, the Settlement Agreement, at issue in this case, is a self-described "final settlement agreement" and does not call for the Parties to continue negotiating a final settlement after the mediation. Also, the Settlement Agreement does not indicate that the Parties might continue the litigation. These critical distinguishing facts and the Parties' agreement on all definite and essential terms preclude this Court from reaching the same outcome as the *Parsons* court.

  b. **Attorneys' Fees**

Judge O'Sullivan recommends that Plaintiffs are not entitled to attorneys' fees because the Settlement Agreement expressly states that the Parties will bear their own fees and costs and Defendant's position is not frivolous. Plaintiffs object that courts have found that attorneys' fees related

to collections on a final default judgment are available in FLSA cases. No controlling Eleventh Circuit standard exists regarding the ability to collect attorneys' fees for compelling the enforcement of a final settlement agreement in an FLSA case, but courts have looked to two factors in deciding whether a plaintiff is entitled to attorneys' fees in such circumstances: (1) whether Defendant's position is based on a frivolous argument and (2) whether Plaintiff's efforts to compel the enforcement of a settlement agreement were necessary. *See DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). In this case, although Plaintiffs' efforts were necessary to compel enforcement of the Settlement Agreement, the Court will not award Plaintiffs attorneys' fees because Defendant's position was not frivolous, especially in light of the fact that Plaintiffs' counsel instituted a second FLSA action against the Defendant soon after settlement of this action.

        c.    **Parties' Mediation Settlement Agreement Is Approved**

Finally, Judge O'Sullivan found that the Mediation Settlement Agreement should be approved because there was a bona fide dispute over whether Plaintiffs were entitled to minimum wage and overtime compensation. Defendant objects that Judge O'Sullivan did not have a written settlement agreement to review to determine whether the Parties' Settlement was fair and reasonable [DE-57]. Defendant's objection, however, is overruled because, as noted above, Judge O'Sullivan did have an enforceable agreement to review.[1] In reviewing a settlement of an FLSA private claim, a court must "scrutinize the settlement for fairness" and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court finds that the compromise reached by the Parties was a fair

---

[1] Defendant requests that the Court clarify whether the Parties should file for the Court's approval a "finalized agreement" that includes the Parties' resolution on the additional terms to be negotiated. However, as the Court is approving an enforceable settlement agreement and dismissing the action, the Parties need not file any ancillary agreements.

and reasonable resolution to the Parties' bona fide dispute over FLSA provisions.[2] Accordingly, for the reasons stated above, it is hereby

ORDERED THAT

(1) The Report and Recommendation is AFFIRMED and ADOPTED.

(2) The Plaintiffs' Motion to Compel Enforcement of the Parties' Settlement Agreement [DE-41] is GRANTED IN PART AND DENIED IN PART. Consistent with the Settlement Agreement, Defendant shall pay Plaintiffs the sum of $18,300.00 within fourteen days of this Order. The Parties will perform their remaining obligations in the Mediation Settlement Agreement as provided therein. However, Plaintiffs are not entitled to attorneys' fees for moving to compel the enforcement of that Settlement Agreement.

(3) The Parties' Settlement Agreement (including attorneys' fees and costs) is APPROVED and the case is DISMISSED with prejudice.

DONE AND ORDERED in Miami, Florida, this 6th day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record

---

[2] Defendant admits in its objections that Judge O'Sullivan reviewed the amounts of the settlement that are to be distributed between the Plaintiffs and their counsel and that he afforded Defendant an opportunity to explain why the settlement should not be approved under the circumstances [DE-57, at pages 6-7]. However, after examining the facts of the settlement, Judge O'Sullivan found that the settlement was fair and reasonable. Defendant has not shown that Judge O'Sullivan's conclusion was based on either a clearly erroneous factual finding or an improper application of the law to the facts. Therefore, this Court will adopt Judge O'Sullivan's finding that the settlement was fair and reasonable.